UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Landmark American Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 02552 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| Michael O'Malley, O'M and Associates LLC d/b/a O'Malley and Associates, and Peter Hilger, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. Background**

After refusing to defend him in two pending lawsuits, Landmark American Insurance Company sued Peter Hilger, seeking a declaration supporting its refusal. R. 1. But the Court granted Hilger's motion for the opposite declaration, holding that Hilger was Landmark's insured and that it owed him a duty to defend. R. 83. Treating, at the Court's suggestion, that declaration as establishing the duty, breach, and causation elements of Hilger's breach of contract counterclaim, Hilger filed a motion for summary judgment on the claim's remaining element—damages. R. 86, Mot. Summ. J. His alleged damages are the attorneys' fees and costs that Allied Solutions, LLC, of which Hilger is president, have paid out on his behalf to defend the two pending lawsuits. *Id.*

Landmark deemed Hilger's motion premature and moved under Federal Rule of Civil Procedure 56(d) to stay it. R. 95, Mot. Defer. Landmark asked for time to

take discovery that, in its opinion, would allow it to contest the fee claim. *Id*. Hilger responded. It gave Landmark some of the documents it asked for but argued that nothing else was necessary, contending that no more was needed because the fee motion was based on a contractual agreement (rather than a fee-shifting statute). R. 100; R. 119. The Court disagrees, at least in part. So, for the reasons explained more fully below, Landmark's motion to stay is granted and Hilger's motion for summary judgment is denied without prejudice to refiling it after discovery.

## II. Legal Standard

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to … take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "[This] Rule places the burden on the non-movant that believes additional discovery is required to 'state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery.'" *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014) (quoting *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006)).

## III. Analysis

Hilger's fee motion raises one issue—whether the fees requested are reasonable. R. 87, Def.'s Summ. J. Br. at 4. What discovery Landmark needs depends on whether federal law or state law applies to the reasonableness determination. Hilger says federal, Def.'s Summ. J. Br. at 5, Landmark state, Mot.

2

Defer at 4. Which one is right makes all the difference to discovery. Under federal law, where, as here, "there are market incentives [for the party seeking fees] to economize, there is no occasion for painstaking judicial review." *Taco Bell Corp. v. Continental Cas. Co.*, 388 F.3d 1069, 1076 (7th Cir. 2004). State law, on the other hand, demands closer scrutiny: "The trial court should also look at additional factors such as the skill of the attorneys involved, the nature of the case, the novelty and/or difficulty of the issues and work, the importance of the matter, the responsibility required, the usual and customary charges for comparable services, the benefit to the client, and whether there is a reasonable connection between the fees and the amount involved in the litigation." *Int'l Ins. Co. v. Rollprint Packaging Prods., Inc.*, 728 N.E.2d 680, 691 (Ill. App. Ct. 2000). State law also places a document-heavy burden on the claimant: "A petition for fees must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate." *Id.* Safe to say that discovery will more likely be required if Illinois law controls.

But does it? Neither party argues the point; instead assuming that their chosen law applies. The answer is not obvious. In the *Taco Bell* case cited above, the Seventh Circuit suggests that, even in diversity cases like this one, federal law controls the burden of proof applicable to fee requests because "they concern how a particular court system, having regard for its resource constraints and the competing claims on its time, balances the cost of meticulous procedural exactitude

against the benefits in reducing error costs." 388 F.3d at 1076. This places the issue on the procedural side of the *Erie* doctrine's substance-procedure dividing line. *Id*.[1]

Yet this case is not exactly like *Taco Bell*, or exactly like any of the related precedents. The difference is the nature of the asserted entitlement to attorneys' fees. In *Taco Bell* and the related cases, the party seeking fees was entitled to them in one of two ways. Some were relying on statutory or contractual fee-shifting provisions to seek the attorneys' fees they had expended in litigating *that* case. *E.g.*, *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 771 (7th Cir. 2010); *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 518 (7th Cir. 1999). Others were insureds who filed fee petitions after securing declaratory judgments against their insurers for breach of the duty to defend or the duty to indemnify. *E.g.*, *Taco Bell*, 388 F.3d at 1071-72. Their petitions sought the fees incurred in the *underlying* litigation (that is, the litigation their insurers should have helped them with). *Id*. Hilger is similar to this second group.

Similar but not identical. Hilger is not seeking fees based on his federal declaratory judgment claim, as the *Taco Bell* claimant did. Rather, he is seeking them as contract damages based on his state-law breach of contract claim. Def.'s Summ. J. Br. at 1-2 ("Hilger has filed this motion seeking summary judgment on his breach of contract counterclaim"). This makes his claim different than those in the *Taco Bell* cases. In all those declaratory-judgment cases, the fees sought were a form of damages relief that would be authorized by the general grant of authority to

---

[1] Perhaps a strong argument could be made that Illinois's choice to subject attorney's fees to close scrutiny is more of a substantive decision rather than a procedural one, but of course *Taco Bell* is binding.

4

provide ancillary relief in declaratory-judgment actions. *See* 28 U.S.C. § 2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted … against any adverse party whose rights have been determined by such judgment."). Here, the fees are not ancillary to a declaration or to some liability that triggered fee-shifting; they are damages on a cause of action. This was not true in any of the *Taco Bell* cases. Maybe this distinction should make the *Erie* analysis come out differently than it did in *Taco Bell*; maybe not. The parties should actually brief the issue before the Court answers it.

As it turns out, the Court might not need to answer the *Erie* question because Hilger has the power to make it irrelevant. He pled both a declaratory-judgment claim and a breach of contract claim. R. 29. If Hilger were to dismiss his contract claim and instead seek attorneys' fees under the declaratory-judgment claim, then he would fall squarely under *Taco Bell*. If Hilger takes that step, then the Court would be bound to apply *Taco Bell*'s more lenient standard to Hilger's fee request.

But even if Hilger drops his contract claim and instead relies on his declaratory judgment claim, Landmark might still be entitled to some of the discovery it seeks. The *Taco Bell* standard is lenient but "special circumstances may arise in which a district court will have reason to doubt whether market considerations alone were sufficient to ensure reasonable fees. In those instances, the district court, as a matter of its sound discretion, can require additional information of the parties." *Metavante*, 619 F.3d at 775. Landmark asks the Court to exercise its discretion with respect to three categories of information:

5

(1) unredacted legal bills; (2) discovery into Allied's agreement to pay Hilger's legal expenses for the underlying litigation; and (3) discovery into Liberty Mutual's refusal to defend Hilger under its policy with Allied. The Court addresses each category in turn.

After Landmark filed its motion, Hilger gave it unredacted bills. R. 119. That is more than *Taco Bell* requires. *Metavante*, 619 F.3d at 774-776 (affirming fee award over objection about redacted bills). That Hilger has left redacted allegedly privileged information is entirely appropriate. Despite Landmark's argument, R. 105, Pl.'s Mot. Defer Reply Br. at 5, a privilege log is unnecessary. The bills, by virtue of being bills, contain almost all the information that a privilege log would. Fed. R. Civ. P. 26(b)(5)(A)(ii) (privilege log should "describe the nature of the documents, communications, or tangible things not produced or disclosed"). The Court can see the date, biller, rate, time expended, and matter on the redacted bills, so it has no doubt that the unredacted bills are sufficient (assuming *Taco Bell* applies).

Allied's agreement with Hilger is another matter. Hilger himself says that his fee agreement with Allied is oral: "[A]s to Hilger's 'fee arrangement' with Allied, there is no written agreement requiring Allied to advance Hilger's fees, only an oral agreement.'" R. 100, Def.'s Mot. Defer Resp. Br. at 4. So Hilger's written employment agreement with Allied, which Hilger gave to Landmark after it filed this motion, tells Landmark nothing. And the Court is concerned that the oral agreement could eliminate Hilger's entitlement to fees.

This could be so if, for example, Hilger agreed to assign to Allied, in exchange for its promise to advance his defense costs, his right to recover from Landmark based on its breach of the duty to defend. That assignment could make the fees sought *Allied*'s damages; not Hilger's. Another possibility is that Allied has agreed to pay Hilger's fees as a gift, leaving no obligation for Hilger to pay Allied back. If that is the case, then it seems at least possible that Hilger has no damages; at least not in the contract-law sense of the term. Finally, even if Hilger must pay Allied back, the Court is unsure whether, under Illinois law, Hilger has damages. Neither party has directed the Court to Illinois case law regarding an insured's right (or not) to recover legal fees expended on its behalf by another. *Cintas Corp. v. Perry*, 517 F.3d 459, 468-69 (7th Cir. 2008), cited by Hilger, turned on the language of an employment agreement—not the scope of the duty to defend under Illinois law. The case does not seem relevant here. Given these possibilities, discovery into the oral agreement will be permitted. Whether Hilger decides to proceed under his contract claim or not, Landmark will be allowed—on the limited topic of the oral agreement— to depose Hilger and serve written discovery.

Landmark's "other insurance" argument, however, does not appear to warrant discovery.[2] Landmark argues that its liability to Hilger may be reduced because Hilger may also be covered under a Liberty Mutual policy held by Allied. It

---

[2]Hilger argues, alternatively, that the targeted tender doctrine renders the "other insurance" clause inoperable. Def.'s Mot. Defer Resp. Br. at 2. Not so. That doctrine does not apply if the insured tenders his defense to more than one insurer. *See, e.g.*, *Cincinnati Cos. v. W. Am. Ins. Co.*, 701 N.E.2d 499, 503 (Ill. 1998). Here, Hilger tendered to both Landmark and Liberty Mutual. Pl.'s Mot. Defer Reply Br. at 2, n.1; R. 112. Def.'s Mot. Defer Sur-Reply Br. at 2. He did not "target" Landmark.

wants discovery into that policy. But Landmark's breach of its duty to defend has consequences: "Once the insurer breaches its duty to defend, ... the estoppel doctrine has broad application and operates to bar the insurer from raising policy defenses to coverage." *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 708 N.E.2d 1122, 1135 (Ill. 1999). This rule may bar Landmark's attempt to rely on its "other insurance" clause. That would make sense: "[A]n insurer's duty to defend under a liability insurance policy is so fundamental an obligation that a breach of that duty constitutes a repudiation of the contract." *Id*. It would seem strange for Landmark to be able to rely on a contract that this Court has now, in effect, held that Landmark itself repudiated.

And even if Landmark can still rely on the clause, the Court is not convinced that it would help Landmark here. Liberty Mutual is not a party and no party has sought to make them one. Whatever rights Hilger or Landmark may have against them should not be adjudicated in their absence and may well be subject to adjudication in a different proceeding, no matter the outcome of this one.

### IV. Conclusion

Landmark's Rule 56(d) motion, R. 95, is granted. Hilger's motion for summary judgment, R. 86, is denied without prejudice. Here is how the parties will proceed:

*First*, Landmark will serve a notice for Hilger's deposition and issue written discovery aimed at ascertaining the content of and circumstances surrounding the oral agreement between Hilger and Allied for paying for defense costs. There is no

8

reason to delay this discovery. Whatever standard ultimately applies to Hilger's fee request, this discovery will be necessary. The notice and written discovery shall be served by February 12, 2015.

*Second*, Hilger will file a position statement declaring whether he will pursue only a declaratory-judgment theory for fees or whether he will continue to pursue the contract theory too. He need only state his position; he need not argue it. A sentence or two will do. This statement is due on February 12, 2015. Hilger's election will determine what happens next:

| If Hilger pursues only the declaratory judgment theory: | If Hilger pursues the contract theory: |
| --- | --- |
| (1) There will be no further discovery beyond the oral-agreement discovery. | (1) Landmark will serve all the discovery it believes necessary and appropriate to respond to a fee motion under the Illinois standard. This will be served by 14 days after Hilger's election. |
| (2) Hilger will refile his summary judgment motion 21 days after answering Landmark's oral-agreement discovery or 21 days after he is deposed, whichever comes later. | (2) The Court will rule on the *Erie* issue—whether state or federal law determines the reasonableness of the requested fees—in the discovery context. If Hilger wishes to press the issue, he must object to Landmark's discovery on the grounds that it is unduly burdensome because the more lenient federal standard applies. Landmark may then file a motion to compel, arguing the *Erie* issue. (Hilger may, of course, make whatever other objections he has to the discovery as well.) |
| | (3) After ruling on the *Erie* issue, the Court will set a briefing schedule for Hilger's renewed motion for |

| If Hilger pursues only the declaratory judgment theory: | If Hilger pursues the contract theory: |
|---|---|
| | summary judgment, one that accommodates any remaining discovery. |

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: February 6, 2015